Wright v. Waste Pro. Okay. Mr. Morgan. Good morning, your honors. May it please the court. Ryan Morgan from Morgan & Morgan here on behalf of the appellate Anthony Wright. We are here asking this court to reverse the district court's granting of summary judgment, ruling that Mr. Wright's FLSA claim was time barred and outside the statute of limitations here. As this court is aware, many of the key facts regarding it are not really in dispute. Mr. Wright filed his consent to join what was a named plaintiff in the original South Carolina action filed in October of 2017, about a year and a half worth of... The problem is that I'm having is that when there's a dismissal without prejudice, for lack of personal jurisdiction, it's as if no action was ever filed. That's treated as a nullity and ordinarily does not toll the limitations period from running. And I'm really having a hard time understanding why your client, who was a named plaintiff in the other suit, granted a putative collective action, but would have remained a party whether it had been conditionally certified as a collective action or not, and was dismissed before there was any determination of that anyway, for lack of personal jurisdiction. I don't see how that tolls the statute of limitations. It wouldn't in any other context. The FLSA is a unique creature, and the statute itself is unique and different. And obviously, where we start, it would be the text of the statute. And 29 U.S.C. 256 very clearly states that an individual's statute of limitations is tolled upon the filing of that consent. You have this court's previous decision. Yeah, but there weren't any consents filed, and your client was a named plaintiff anyway. And he did file his written consent as well. The case law under the FLSA is that, as a named plaintiff in a collective action, not an individual action, but a collective action, the named plaintiff files the case and also files that consent to join. That's directly from Section 256. And so Mr. Wright did also file a consent to join in the South Carolina action. The Mickles case from this court from a few years ago states very clearly that upon the filing of that consent under the FLSA, the statute of limitations is tolled. The question that's raised here, and that you'll hear from the defendant and from WastePro, is that the District of South Carolina was not a court of competent jurisdiction. Well, here we now have the benefit of the Supreme Court's Lightfoot decision, which is extremely clear on this issue. I think that part is where I'm a little hung up. I've read Lightfoot cover to cover a few times now, and you have both very different views of it, but clear is not the word I would use. What I think the best that Lightfoot shakes out for you is the statement at the end that in the usual course or in the usual case, court of competent jurisdiction means subject matter jurisdiction, but we have also read it in other circumstances to mean both personal or personal jurisdiction. Do you agree with me? I do agree that it says those what could potentially be construed as countervailing. Why should we not read this as one of the exception cases rather than the usual case, or why should we treat this as the usual case? I agree. I think Lightfoot's an extremely important opinion and read it several times here. It goes on twice, and I think it's important to note it was a unanimous Supreme Court decision. There wasn't a lot of dissents or anything, of course, in that regard, and it twice says in here that, quoting, as a result, this court has understood the phrase court of competent jurisdiction as a reference to a court with an existing source of subject matter jurisdiction. I think what you're reading from, though, is much earlier in the opinion, but before they go through and say, here are all the cases where we've said it, sometimes we've been clear with that, sometimes we've treated as personal jurisdiction, and then the conclusion is we usually treat it this way, but sometimes we treat it this other way, and here there's no reason why to treat it anything other than the usual way. I think Lightfoot clarifies that. You're right, Your Honor. The next page talks about how at times it would say court of competent jurisdiction means subject matter and personal jurisdiction. Can I ask you a question before, and I want to delve into this, but I thought your argument was, and I think there's something to it, that the phrase court of competent jurisdiction does not appear in 1256, what you call the statutory tolling provision. We're just assuming it's read in there. We're reading 1216 and 1256 together. Certainly, it's how the district court did it. I know that's how your opposing counsel asked to do it, but I thought your primary argument was that's not there in the statute, and that's a purposeful choice made by Congress not to include it there. And it is, and the way I was framing this argument was wrapping that into the statutory tolling because obviously Congress made a choice there. They had a choice not to include the phrase court of competent jurisdiction in section 256 when discussing when the statute of limitations itself is told. I want to talk about something. Look, it seems to me that court of competent jurisdiction really ordinarily refers to subject matter jurisdiction, but when a court lacks, when there's a lack of personal jurisdiction over a defendant, then the court lacks the power to exercise jurisdiction over that party in that court. And a dismissal for that reason without prejudice, it seems to me, means there was never an action filed against that defendant. Yes, sir. There is that language contained within other cases. Lots of cases. Typically, those are cases where you have one statute of limitations, right, where it's an accident occurred and it's set in stone. The FLSA is different because it's a rolling statute. Each work week that happens, the statute is reset. And here we have cases that are the Mikkels case. I understand what happens though with an opt-in plaintiff who didn't file the suit, but is seeking to join an action that is a valid action. And then for whatever reason, it's decertified as a collective action. I understand why that would pull the limitations period. That's what Mikkels is about. I don't understand how that can possibly be the case in this context, how this is outside the ordinary rule that if the district court lacked the power to exercise jurisdiction over this defendant and dismissed on that basis, it's as if the action was never filed. And I think it goes back to the FLSA to your question, your honor, is section 256. The named plaintiff also has the same requirement as an opt-in plaintiff to file a consent to join. So if a named plaintiff never files a consent, their statute is never told. The difference is a question of control. The named plaintiff has the whip hand over his lawsuit. The opt-in plaintiff does not. Isn't that the critical distinction? Well, I'm going to say no, actually, because opt-in plaintiffs have choices too. They don't have to join a collective action. They can file their own individual actions as well. So there is some choice. I do agree with you in the sense of... But if a party chooses to opt in, he doesn't really have control over the action in the same way that the plaintiff, the named plaintiff does. The named plaintiff, after all, decides, I'm going to sue in South Carolina in federal court rather than in the Southern District of Florida. The opt-in plaintiff does not have power or control over a decision as basic as to where to file. Isn't that right? Yes and no, because you're right. As an opt-in plaintiff, they're not necessarily the driving decision maker behind litigation, but that opt-in plaintiff does have the decision to in the Southern District of Florida, to use your example here. And remember too, with Mickel's case, it talks about statute of limitations being told upon an opt-in or a named plaintiff, a consent being filed, but they're also a party plaintiff. So when it comes to the... How do we square the principle that Chief Judge Pryor and Judge Marcus are asking about with the language in Section 256A that commends for purposes of FLSA is, quote, when the complaint is filed. How does that square with the principle that they're talking about that the action is a nullity essentially because there's no personal jurisdiction over the plaintiff, named plaintiff? Well, obviously the personal jurisdiction question comes later. Decision comes later. At the time of filing, there is subject matter jurisdiction and it is a court of competent jurisdiction. Obviously, personal jurisdiction can be waived. And so for the being filed and then the second part of that statute about having to file the consent to join, those are the two things that have to happen there to then toll the statute. You can't file a consent and so there's court record. It has to go into a complaint and into an action. Let me ask you this. In the last moments that you have, you also argue independent of statutory tolling that you're to show extraordinary circumstances that are both beyond your control and unavoidable even with the exercise of diligence. What is there in this record that suggests you can establish extraordinary circumstances? The extraordinary circumstances here, Your Honor, is hotly contested. I think there's no dispute there. Eighteen months of litigation in front of the line. Certainly, I'd like to say I have a say in outcomes, but I do not have a say in the ultimate outcome that is a judge's determination here. Had we done something else, argument of, hey, okay, you could have gone and done something else, well, that would just multiply the proceedings. Now we're going to have multiple lawsuits, especially when we had approximately 30 individuals from Florida at that time in the case. There were 30 individual lawsuits. And what equitable tolling looks at is certainly trying to correct injustices, which I think this would be an injustice here, that somebody who is actively litigated. Quick question. In that regard, is there any indication that the defendant misled the plaintiff in any way, deceived the plaintiff in any way? In regards to the statute of limitations, no, sir. Okay, thank you. Thank you. Okay, Mr. Morgan, you've saved five minutes. Mr. Pierce. Good morning. May it please the court. Matt Pierce on behalf of the appellees of Waste Pro Florida and Waste Pro USA. I'd like to begin by addressing our perspective on the panel's questions to Mr. Morgan. On the first question, we certainly agree with the district court and a dismissal without prejudice. The effect is that the case was never filed. We cited cases. You agree that really wasn't your argument either at the district court or in your brief. I mean, the argument you made both below and here, as I understand it, correct me if I'm wrong, is a 2016 read together with 255 and 256 requires that the complaint be filed in a court of means personal jurisdiction and or subject matter jurisdiction, but it has to mean at least personal jurisdiction. And here, because there was no personal jurisdiction, it wasn't actually filed in compliance with the statute. That's the argument you made below. That's the district court order. And that's the argument you mostly make here, right? I think we made all three of those arguments. We cited below to the 11th circuit cases of Miller versus Georgia from 2007, Stein versus Reynolds from 1982, Justice versus United States, 1993. And the holdings of those cases was that a dismissal without prejudice, the effect is as if the case was never filed. And we also cited to the district court, the cases of Wang v. Palmestrano. I agree. You never made the argument that because it was dismissed without prejudice, which means it was never actually filed. That means that the statute wasn't triggered irrespective of whether there was a court of competent jurisdiction or not. You made that argument? Yes, Chief Judge Luck. We did make that argument when we cited to Wang versus Palmestrano. I understand you cited those cases. Where was the argument that you're articulating and that has been articulated from the bench here? Where did you make that argument in your motion to dismiss and here in your brief? And I specifically your brief, I have it right here. So if you point me the page, I'd be really interested in that. Sure. And I don't want to hold up your argument if you want to go ahead and... Your Honor, we cited to the Wang v. Palmestrano case. I know you cited the cases. I'm talking about where did you articulate the argument in the body of the argument of your brief? So it's on pages 21, 22, and 23 is the Wang case. And what the holding was in that case was there was, this is a case from the Southern District of New York, where there was a dismissal without prejudice for lack of personal jurisdiction, which is, we think, all forwards with this case. And what the court found there was the effect of that was that as if the case had never been filed. And we also cited to the Bedoya case, which is from the Southern District of Florida on 2012. And that case was a voluntary dismissal. But the holding there was because it was a same. It was as if the case had never been filed. I'll say that I've been confused by the briefs as Judge Lutt has. But it seemed to me that at least it was crystal clear that you had moved to dismiss as untimely. Yes, Your Honor. As a failure to comply with the statute of limitations. Yes, Your Honor. And the district court dismissed on that ground. And so that issue at least is confusing. Your arguments might be about court of competent jurisdiction. We still have to get the law right. And it seems to me that the lack of personal jurisdiction over the defendant means that is as if the South Carolina action had never been filed. And the limitations period, therefore, had run. Your Honor, we'd certainly agree with that. To the extent our argument was not articulated clearly, we apologize for that. But we certainly let me ask you, let's get past that and let's let's focus in on that. So I understand that the legal effect is that the complaint is a nullity. But statutorily on 12 on 256, the triggering requirements are that when a complaint is filed. In other words, it's told when the complaint is filed and if the consent isn't filed the same day, the filing of the consent, right? Yes, I agree. Whether the complaint is filed or not has nothing to do with whether the ultimate action is a nullity because there's no personal jurisdiction, right? I mean, those seem to be two separate concepts, aren't they? No, I don't think so. The I think the district court correctly found it's not like it's not like we go in a portal in time and the action didn't happen. I mean, a complaint is actually filed. Someone actually went to the courthouse and put it in there and it's stamped and I can still go there and find it, can't I? Yes, the complaint is filed. Doesn't magically go away, does it? No, the complaint is filed. Certainly, it's on record. But then the question is, as the district court found, you cannot read section 256 in isolation because section 256 just talks about when an action is commenced for statute of limitations purposes, right? But section 216 says where that action has to be. I understand. First of all, I mean, you agree with me that Congress makes an explicit choice when it doesn't include statutory language in one section, then in the same exact statute includes it in another section, right? I mean, that's a purposeful choice, is it not? I'm not sure I would agree that there was a choice made there. I don't agree that we generally read law that way. No, I agree that that's how the court reads law and that's how it should read the law. Doesn't it make a little sense to do that? In other words, shouldn't there be daylight between where you properly file and where it's told? In other words, if it's not proper for some reason, but it's still told because you made a mistake, for example, in filing it in District X as opposed to District Y, wouldn't Congress say, we're not going to hold that against you for purposes of the statute of limitations? Doesn't that make complete sense for what Congress would do to have more forgiving on the statute of limitation side and less for I'm asking you just as a matter of you and I talking common sense here. No, I would not agree with that because I don't think Congress was intending a section 256 to be comprehensive as to where and when an action must be filed or where it must be filed. Agreed. I agree with you. But the point is, we're not going to hold against you statute of limitations wise if you make a mistake. Well, I think this court often has and finding that if you did not file in court of competent jurisdiction, which is our argument, the statute is not told. We've said that a lot in the equitable tolling context. Where have we said it with a statute similar to one here? I've looked at all the examples and I've seen two where we've done it in statutory context. And in at least one of them, if not both, they arguably do contain language that's similar to court of competent jurisdiction. Where have we done it with language similar to as here in the FLSA? I don't have a case offhand from this court. We did cite cases from district courts, such as a case and the Wayne case. I'll tell you from this court, Booth is an equitable jurisdiction, an equitable tolling case. Jackson is an equitable tolling case. Bailey deals with contractual statute of limitations, which is completely different. The only two that I saw were Harrison and Maryland casualty. And both of those have very different language than we have here, it seems to me. Yeah, I would agree. But I think the issue is under the plaintiff's reading, the appellant's reading is if you can file in any courts and toll the statute of limitations, then we give this example in our briefs. Let's look at it this way. How do you ordinarily toll the statute of limitations, any statute of limitations? Filing a complaint, right? We would say in a court of competent jurisdiction. Wait a minute. These are friendly questions for me. Okay. By filing a complaint, right? Yes. Period. But in every other context known to law, even though the filing of the complaint would ordinarily toll the statute of limitations, if the court where the complaint was filed dismisses it without prejudice, for lack of subject matter jurisdiction, personal jurisdiction, could be a number of grounds, where that happens, the law treats the filing of that complaint as a nullity, right? Yes, labor standards act, the fact that tolling the statute requires the filing of a complaint, very different from how we understand that concept in every other area of law, would we not? Yes, we agree. And the only reasons given by the appellant for reading it differently are the remedial purposes of the FLSA. And we agree that FLSA serves an important remedial purpose, but so do lots of federal statutes. But you always told the statute of limitations by filing a complaint. Problem is, if that complaint gets dismissed without prejudice, it is treated by the law as if it had never been filed. Yes, so we agree to that point. Maybe I was wrong. The problem is that y'all have been bogged down into this court of competent jurisdiction nonsense. It just doesn't have anything to do with the ultimate answer. That's been the problem. We certainly made that argument and the alternative to the extended murky waters. That was our error on that. But, you know, we certainly did not proposition that the effect of the dismissal was as if the case had never been filed, whether the lack of subject matter jurisdiction, personal jurisdiction or otherwise. Why don't you address the other issue, equitable tolling? Yes, Your Honor. Since his argument has two separate parts to it. Yes, Your Honor. I think the most striking thing from the appellant's brief on equitable tolling and the reply brief kind of gets to the question. Your question, Judge Marcus, was they don't even address the standard for equitable tolling in their brief. And this court has been clear in the Sandvik v. United States case and other cases that equitable tolling is appropriate when a movement untimely files because of extraordinary circumstances, both beyond his control, unavoidable, even with due diligence. They don't address the standard, we believe, because they know they can't meet it. You have to consider the context of this case. And as the court has already pointed out, Mr. Wright was a name plaintiff. He chose to file the case in South Carolina. This is certainly not a situation where the defendants lulled him into filing there and misled him. It's to the opposite. At the first opportunity, defendants objected on personal jurisdiction grounds by moving to dismiss. At that point, Mr. Wright had the choice. He could have dismissed his case. He could have sought transfer of venue to Florida. He did not. Instead, he asked for jurisdictional discovery. He could have appealed the dismissal. Yes, sir. Yes, Your Honor. He did not appeal the dismissal on personal jurisdiction grounds. The jurisdictional discovery took approximately a year that involved substantial discovery depositions. All the while, he had the potential that the statute of limitations was running. He was not told. Those were all choices that he made. Judge Prior, as you pointed out, he did not appeal. He waited until a year and a half after the personal jurisdiction issue had been raised to finally file. Yes. Could he have filed a protective action elsewhere? I think he could have. He could have filed an action in Florida. I think the problem is, the argument made by the appellant is that was his only choice. But Booth, that's what Booth was, right? There was a protective filing in that case, wasn't there? Yes. He could have filed within the statute of limitations period a protective action, a second action, and then he still would have had time left on the statute. Our position would still be it would not have been told from the filing of the South Carolina action. But had he filed within the statute of limitations period, he may have had some period of the statute remaining. But the appellant presents this as if there's two choices, file in the wrong court or file in the wrong court and argue that you weren't going to encourage duplicative actions. But of course, there's a third option, which is just file in the court in the district where you worked, where your employer has its only operations and receive the benefit of statutory tolling by filing in the proper court. That was not the choice that was made here. And so we don't think that they can meet any of the requirements for equitable tolling. All of these choices were within their control. And unfortunately, they argue it's a harsh result. That's a harsh result that results from choices that were made. If there are no more questions. Thank you. We'll hear from Mr. Morgan. Thank you. May it please the court. The discussion here a few minutes ago about as if the case had never been filed really helps solidify, I think, why the appellant should win in this case, because in those cases in which this court has previously made those those rulings, it was the complaint itself that told the statute limitations. It's the complaint itself by itself and nothing else. That is what the court judges, whether the statute is told or not, and when it was timely filed. Here, there is another congressional statute 256. Here there is the Mikkels opinion about consent to joint form is when it holds the statute limitation. The appellate say is unique compared to those other court decisions that we're discussing here and that the consent is what holds that statute limitation. And it goes back to that specific choice of the language in 256 about having to do that and having to file that consent to join. I think also thinking about the implications of what that would mean, ultimately, if it's a nullity and whatnot, that would mean in every FLSA case and probably others, too, that utilize the 216B mechanism, ADA cases, things of that sort, you'd have to file a protective case for every individual, for every situation that could potentially lead to dismissal, motions to dismiss joint employment issues, motions to certify that are denied, decertification motions just to protect the statute. And obviously, that would be completely wasteful to the court system to be filing thousands and thousands of protective lawsuits when we have a clear answer here. You know, Mikkels is our binding precedent. So, I understand that if you're dealing with non-named, opt-in plaintiffs, they're protected. So, the danger of thousands of lawsuits, it seems to me, is nonexistent. The real question is, does Mikkels require the same result when what we're dealing with is a named plaintiff? I think it does because the FLSA in 256 doesn't necessarily distinguish between named plaintiff and an opt-in plaintiff. Both have to file those consents. I think it may be a different story if you didn't have to file a consent as a named class action. You know, class action certification protects unnamed class members. But the rules about named plaintiffs and class actions are exactly the same as they are in every other context. And a distinguishing factor, again, is section 256 of the FLSA that requires that additional consent. That was a specific choice Congress made in these cases. And I understand why that would protect an opt-in plaintiff, but that's different from the named plaintiff who initiated the suit. I understand your argument. I respectfully disagree because I do think the FLSA and the way it is crafted by Congress specifically in this language, as well as the Mikkels decision, as well as distinguishing those other cases, you know, for those reasons. I did want to touch just for a second on some of the equitable tolling questions that Judge Marcus had from earlier as well. If you really look at the language of Booth and Justice and the others, where there was some tolling that was discussed and granted, it talks about where a technically deficient pleading is filed, the plaintiff didn't sleep on his claims. There's no surprise to the defendant. That's usually what we're guarding against in not here. There's no dispute. This was hotly litigated. It has been for almost six years coming up in a few months. So there's the same thing with the Burnett case from the United States Supreme Court, where they stated that they weren't disinterested, the plaintiffs. They didn't delay it because they were disinterested. They were clearly interested because they filed a lawsuit and pursued it so heavily. So here, we did do that. There's no policy reasons that the defendant here should be able to take advantage of and avoid an unjust result. Thank you, Your Honor. Thank you, Mr. Morgan. We're going to take a short recess to conference about these cases and then reassemble with our panel with Judge Hull. So we'll let you know when we're about to come back.